## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN J. BANK,<br><br>              Plaintiff,<br><br>v.<br><br>HONORABLE JENNIFER P. TOGLIATTI, *et al.,*<br><br>              Defendant. | 2:13-cv-01165-JAD-VCF<br><br>**O R D E R AND REPORT & RECOMMENDATION**<br><br>(Motion/Application to Proceed *In Forma Pauperis* (#1), Complaint (#1-1), and *Emergency* Motions (#2, #3, #4, #5, and #6) |

Before the court is plaintiff Steven J. Bank's Motion/Application to Proceed *In Forma Pauperis* (#1), Complaint (#1-1), and Pending *Emergency* Motions (#2, #3, #4, #5, and #6).

### I.    Motion/Application

Plaintiff Bank asserts in his motion/application that he is unemployed, and that the last time he worked was in June of 2013. (#1). Plaintiff also asserts that he has not received income from any other source in the past twelve months, and that he does not own any real estate, stocks, bonds, notes, trusts, automobiles, or other valuable property. *Id.* Accordingly, plaintiff's motion/application to proceed *in forma pauperis* (#1) is granted pursuant to § 1915(a).

### II.    Screening Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

(internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### A.    Plaintiff's Complaint

Plaintiff alleges in his complaint that his civil rights were violated and that he brings his complaint under 42 U.S.C. § 1983. (#1-1). Plaintiff names as defendants the Honorable Jennifer P. Togliatti, Tim Burch, Director of Clark County Social Services, and Amanda Ebert, Judge Togliatti's law clerk. *Id.* Plaintiff alleges that he applied to Clark County Social Services for a local transportation, or a "local public benefit." *Id.* Plaintiff asserts that he also filed a complaint/grievance which was sent to defendant Burch, and that he received a reply denying him said benefit. *Id.* Plaintiff contends that he then filed a civil complaint against defendant Burch and a motion/application to proceed *in forma pauperis* regarding the denial of the local transportation with Judge Togliatti, and that the clerk, defendant Ebert, "refused to communicate to [defendant Togliatti] the urgency of the situation." *Id.* Plaintiff also alleges that defendant Ebert misrepresented the request to proceed *in forma pauperis* as an *in camera* filing. *Id.*

Plaintiff asks this court to "contact the aforementioned individuals in their official capacity and grant to Bank that which is his statutory right: to receive assistance in keeping himself out of danger of the streets and out of potentially life-threatening medical conditions." *Id.*

. . .

**1.    Subject Matter Jurisdiction**

"[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings." *Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S. Ct. 1303, 1315, 75 L. Ed. 2d 206 (1983). The plaintiff alleges that the State Court Judge and her clerk improperly denied plaintiff's application to proceed *in forma pauperis,* which was filed in conjunction with a civil complaint against the director of the Clark County Social Services for denial of a benefit. (#1-1). Plaintiff alleges that he is unable to serve the summons and civil complaint in the state court action, and asks this court to contact the defendants and change the ruling on the *in forma pauperis*. *Id.* As plaintiff is asking this court to review the decision of a state court Judge, this court does not have jurisdiction and the complaint (#1-1) should be dismissed. *See Feldman,* 460 U.S. at 482*.*

**III.    Pending *Emergency* Motions**

Plaintiff filed an *emergency* motion for leave to amend the complaint (#3) the same day he filed the original complaint (#1-1). This motion requests leave to amend the complaint "should the need arise." (#3). As the court does not have jurisdiction over the plaintiff's request for this court to review the decision of the state court, and amendment would be futile, this motion (#3) should be denied. *See Feldman,* 460 U.S. at 482. The remaining *emergency* motions either ask this court to contact the defendants in this action (#2), ascertain the veracity of the state court order (#4), issue an order granting *in forma pauperis* in the state court action (#5), or to contact the Chief Judge in state court regarding the *in forma pauperis order* (#6). Since the court does not have jurisdiction to review the state court's denial of the plaintiff's application to proceed *in forma pauperis* and dismissal of the complaint (#1-1) is warranted, the remaining motions (#2, #3, #4, #5, and #6) should be denied. *See Id.*

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Steven J. Bank's Motion/Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion

3

without necessity of prepayment of any additional fees, costs, or security.  This Order granting *forma pauperis* status does not extend to the issuance of subpoenas at government expense.

### RECOMMENDATION

IT IS RECOMMENDED that the Clerk of Court be ordered to file the complaint (#1-1).

IT IS FURTHER RECOMMENDED that plaintiff's claims be DISMISSED *with prejudice.*

IT IS FURTHER RECOMMENDED that the plaintiff's pending *Emergency* Motions (#2, #3, #4, #5, and #6) be denied.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 4th day of September, 2013.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

4