# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Steven J. Bank,

    Plaintiff,

v.

The Hon. Jennifer P. Togliatti, et al.,

    Defendants.

Case No. 2:13-cv-1165-JAD-VCF

**Order Adopting the U.S. Magistrate Judge's Report and Recommendation and Dismissing Case [Doc. 8]**

    This case arises out of Plaintiff Steven Bank's 42 U.S.C. § 1983 and due process action alleging a denial of his claimed "local public benefit" right to subsidized bus transportation in Clark County, Nevada. Doc. 1-1 at 2. Bank originally brought suit in the Nevada State Court, where his *in forma pauperis* application was denied without prejudice. *See id.* His requests in this federal action, while unclear, allege that he is unable to serve the Summons and Complaint in his state court action at this time, and he requests that this Court contact the defendants and change the *in forma pauperis* ruling. *See id.*

    After he filed his Complaint, Bank filed five "emergency motions": On the day he filed his Complaint, Bank moved on an emergency basis to amend the Complaint. Doc. 3. He then filed a motion for this Court to contact Defendants. Doc. 2. He also moved for the Court to ascertain the state court order's veracity, Doc. 4, moved to issue an order granting *in forma pauperis* status in the state court case, Doc. 5, and moved to contact the Nevada State Court's chief judge. Doc. 6.

    Magistrate Judge Cam Ferenbach entered an Order and Report and Recommendation, Doc. 8, on September 4, 2013, granting Bank's Motion/Application to Proceed *in Forma Pauperis* and

recommending dismissal of the case with prejudice along with the denial of Bank's emergency motions. Doc. 8 at 3-4. Bank objected to the Report and Recommendation on September 25, 2013,[1] arguing that his property and liberty interests, presumably under the Fourteenth Amendment's Due Process Clause, were violated by the Social Service Department for Clark County, Nevada. *See* Doc. 10 at 1.

When a district court is presented with objections to a Magistrate Judge's report and recommendations, the court must "make a de novo determination of those portions of the report or specified proposed findings to which objection is made." 28 U.S.C. § 636(b)(1); *United States v. Berhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1125 (D. Ariz. 2003) (quoting *United States v. Reyna-Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003) (en banc)) (finding that de novo review is required as to findings of fact and conclusions of law where parties object). Having performed that de novo review, the court overrules Bank's objections and adopts Judge Ferenbach's Report and Recommendation in its entirety for the reasons set forth below.

**Discussion**

**A.     Application of the *Rooker-Feldman* Doctrine Was Proper**

Magistrate Judge Ferenbach recommends dismissal of Bank's complaint because Bank seeks federal review of the decision of a state court judge—a subject over which this court lacks jurisdiction. Doc. 8 at 3 (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)). Bank argues that because the state court's decision to grant or deny an *in forma pauperis* application requires simple calculations which do not require "discretion," it is a simple ministerial duty to which *Feldman* does not apply. Doc. 10 at 2. The court disagrees.

The *Feldman* case is a bedrock part of the *Rooker-Feldman* doctrine, which recognizes that a district court lacks the power to review—directly or indirectly—a state court judgment. *See Exxon*

---

[1] This was one week past the deadline for objecting to the Report and Recommendation, as Judge Ferenbach makes clear in his report, but the Court considers Bank's Objection in light of his pro se status. *See* Doc. 8 at 4 (stating that any Objection must be filed without fourteen days of the Report date).

*Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 285 (2005).[2]  The doctrine is "confined to cases . . . brought by state-court losers complaining of injuries caused by rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.*  The doctrine leaves open the litigant's ability to contest those portions of a decision which "do not require review of a judicial decision in a particular case." *Feldman*, 460 U.S. at 487.  "A judicial inquiry investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist." *Id.* at 477.

Although the denial of a motion for *in forma pauperis* status is not a final judgment, the *Rooker-Feldman* doctrine "operates when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010) (quotation omitted). Accordingly, the Ninth Circuit has applied *Rooker-Feldman* doctrine to interlocutory state court decisions.  *Doe & Associates Law Office v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (applying doctrine to state court denial of motion to quash); *Rhodes v. Gordon*, 2013 WL 3780378, at *11-*12 (C.D. Cal. July 16, 2013) (applying doctrine to state court's order on discovery motion). *See also Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1515 (D.C. Cir. 1996) ("We cannot imagine how one could reconcile *Feldman*'s reasoning, based as it is on allowing state courts to arrive at decisions free from collateral federal attack, with the idea that the district court would be free to review [the state court decision] so long as the decision was interlocutory.").

Bank's objections fail to demonstrate why the State Court's denial of his *in forma pauperis* application without prejudice did not constitute an investigation, declaration, and enforcement of Bank's liabilities, and should not be viewed as a judicial decision.  Indeed, the State Court's order denying Bank's application without prejudice, which Bank attaches to one of his emergency motions, states simply that Bank's motion was denied because he failed "to provide sufficient proof

---

[2] This doctrine is derived from *Feldman*, as well as *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

1 of indigency and indicating no expenses or income." Doc. 6 at 3.[3]  The Court finds that the *in forma*
2 *pauperis* order constitutes a judicial decision within *Feldman*'s reach, and Magistrate Judge
3 Ferenbach's dismissal of Bank's "de facto" appeal of the Nevada State court *in forma pauperis*
4 ruling was a proper application of the *Rooker-Feldman* doctrine.

**B.     Bank's Additional Arguments**

In Bank's objection, he argues that his due process rights were violated by the denial of his state court Motion for *in forma pauperis*. *See* Docs. 1-1 at 1-2; 10 at 1.  Specifically, he claims that his procedural due process rights were denied because the Nevada state trial judge assigned to the case apparently mailed the Order on his case prior to the filing date.  Doc. 10 at 2.  Bank argues that the trial judge had allowed Bank to proceed *in forma pauperis* on other matters, thus suggesting that the denial of Bank's IFP application was not based upon Bank's financial status, but on the merits of his claim.  *See id.*  Bank further alleges that the Judge's law clerk engaged in "wilful blindness" by "misrepresenting the nature of the letters that were placed in the chambers drop-box."  *Id.* at 3. Bank contends that "[i]t is somehow plausible, based on the discrepancies of the dates [and] misrepresentations . . . that the IFP application was never properly reviewed by the state court, making the decision to deny leave to proceed IFP against Clark County Social Services . . . a gross violation of his civil liberties as well as his civil rights as herein alleged."  *Id.*

Once *in forma pauperis* status is granted, federal courts must screen such matters to dismiss complaints that: (1) are frivolous or malicious, (2) fail to state a claim upon which relief can be

---

[3] In unpublished cases, the Ninth Circuit has applied *Rooker-Feldman* pragmatically, noting that attempts to litigate a state trial court decision pending appeal fall within the doctrine's underlying rationale, which requires an appeal to be taken through the state court system and then the U.S. Supreme Court. *Marciano v. White*, 641 F. App'x. 611, 613 (9th Cir. 2011) (finding that state trial court's rulings were "sufficiently final."). *See also Arnold v. Melwani*, 2012 WL 4296342, at *4 (D. Guam Sept. 19, 2012) ("[T]he mere fact that a state court plaintiff has filed his federal suit before his state court appeals have concluded cannot be enough to open the door for a federal district court to review the state court decisions."); *Rhodes*, 2013 WL 3780378, at *12 ("[T]he fact that plaintiff technically filed the original Complaint prior to the complained-of state court ruling is not sufficient to open the door for a federal district court to review the state court decisions.") (quotation omitted).  Accordingly, trial courts elsewhere have applied *Rooker-Feldman* to bar "appeals" from state court decisions involving *in forma pauperis* applications. *See, e.g.*, *James v. Townsley*, 2011 WL 2559629, at *1 (E.D. Wash. June 28, 2011) (dismissal of appeal and denial of *in forma pauperis* application); *Cody v. Severson*, 2005 WL 2046009, at *2 (D.S.D. Aug. 23, 2005) (denial of mandamus petition regarding unsuccessful *in forma pauperis* application); *Lamarr v. Oregon*, 2004 WL 966226, at *2 (D.Or. Apr. 6, 2004) (dismissal of claim under statute of limitations after *in forma pauperis* application was rejected).

granted, or (3) seek monetary relief from immune defendants. *See* 28 U.S.C. § 1915(e)(2); *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A *pro se* litigant may amend his complaint with "some notice" of the complaint's shortcoming "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing *Noll v. Carlson*, 809 F.2d 1146, 1148 (9th Cir. 1987)).

A frivolous complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31 (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The *in forma pauperis* statute goes beyond Federal Rule of Civil Procedure 12(b)(6) because it "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *See id.* (quoting *Neitzke*, 490 U.S. at 327).

Bank's procedural due process arguments go to the merits of his claim that his *in forma pauperis* application should not have been denied by the state trial judge, and thus miss the mark. Judge Ferenbach properly found that because Bank's suit is a *de facto* appeal of the state trial court's decision to deny his application for *in forma pauperis* relief, instead of seeking to appeal those decisions to the Nevada Supreme Court and the United States Supreme Court, there is no subject matter jurisdiction to grant relief on any of his claims. Because this court lacks subject matter jurisdiction, Judge Ferenbach did not need to reach Bank's liberty and property interest contentions against Clark County Social Services for denial of his transportation subsidy, as these arose in connection with his state court suit. Bank's Complaint must be dismissed.[4]

**Conclusion**

**IT IS THEREFORE ORDERED** that the U.S. Magistrate Judge's Findings and Recommendation [Doc. 8] are hereby adopted in their entirety;

**IT IS FURTHER ORDERED** that Plaintiff Steven J. Bank's Objections to the Report and Recommendation [Doc. 10] are **OVERRULED**;

---

[4] Bank has not specifically objected to the U.S. Magistrate Judge's recommendation that all of Bank's pending "emergency motions" be denied. The Court finds that all five motions should be denied because this court lacks subject matter jurisdiction over this action and the power to grant the relief requested by these motions.

**IT IS FURTHER ORDERED** that the:

- Emergency Motion for the Court to contact Tim Burch and Chief Judge Togliatti [Doc. 2] is **DENIED**;
- Emergency Motion for Leave to Amend Complaint [Doc. 3] is **DENIED**;
- Emergency Motion for the Court to Ascertain the Veracity of the State Court Order Denying Leave to Proceed IFP [Doc. 4] is **DENIED**;
- Emergency Motion to Issue an Order Granting Leave to Proceed IFP by Plaintiff [Doc. 5] is **DENIED**; and
- Emergency Motion to Contact Chief Judge and Inquire into Said Order [Doc. 6] is **DENIED**;

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**; the Clerk of Court shall enter judgment accordingly.

DATED: November 12, 2013.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE